PEOPLE ex rel. MERSCHIEM v. MUSICAL UNION. 273

First Department, January Term, 1888.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
MATTHIAS MERSCHEIM, Respondent, v. THE MUSICAL
MUTUAL PROTECTIVE UNION, Appellant.

*Removal of a member of an incorporated association, for a violation of its by-laws —
charges must be preferred and a hearing be had.*

The defendant corporation was authorized, by the acts under which it was incorporated and by section 1 of article 12 of the by-laws adopted by it, to expel members for the non-observance of its constitution, by-laws or rules; for disobedience of the orders of the board of directors, or for non-payment of fines, after they had been afforded an opportunity to be heard, provided that "no such expulsion, suspension or fine shall be made, except on charges preferred, a copy of which shall be served upon the member so charged:"

*Held,* that a notice summoning the relator to attend a meeting of the board of directors, at a time and place therein stated, to show cause why he should not be expelled from membership for a violation of article 12, section 1 of the by-laws, for disobedience of an order of the board of directors, made on a day therein stated, did not comply with the provision of the by-law requiring "charges" to be made.

That the relator, by appearing at the time and place mentioned in the summons and denying the right of the directors to proceed against him and refusing to answer the charge, did not deprive himself of his right to the previous service of a copy of the charges.

That a by-law providing that the relator could be reinstated at any regular quarterly meeting of the society by a two-thirds vote of all the members present, after having paid all dues and fines standing against him, and an extra fine of fifty dollars, was not intended to provide a way of reviewing the proceedings instituted to remove the relator, and that he was not obliged to resort to it before instituting these proceedings to procure a peremptory *mandamus* restoring him to his rights and privileges as a member of the defendant.

Appeal from a judgment, directing the issuing of a peremptory *mandamus* for the restoration of the relator to his rights and privileges as a member of the Musical Mutual Protective Union.

*King & Clement,* for the appellant.

*August P. Wagener,* for the respondent.

Daniels, J. :

The defendant is a corporation incorporated by chapter 168 of the Laws of 1864, amended by chapter 321 of the Laws of 1878.

274  PEOPLE ex rel. MERSCHIEM v. MUSICAL UNION.

First Department, January Term, 1888.

By its charter the defendant was empowered to make by-laws, rules and regulations not inconsistent with the laws of the State, for suspending or expelling such members as should refuse or neglect to comply with its by-laws and regulations, and for the management of its property, the regulation of its affairs, and the transfer of its stock.   It was also provided by the Act of 1878, that any member of the society violating its by-laws might be expelled after being afforded an opportunity to be heard in his defense in such manner as the society might from time to time prescribe by its by-laws. And it did direct by section 1 of article 12 of the by-laws that any member might be suspended or expelled by the board of directors, or fined in a sum not exceeding $100, for the non-observance of its constitution, by-laws or rules, for disobedience of the orders of the board of directors, or nonpayment of fines imposed.   " But no such expulsion, suspension or fine shall be made except on charges preferred, a copy of which shall be served upon the member so charged." It was also declared by article 2 of the constitution, to be one of the objects of the society to secure the enforcement of good faith and fair dealing between its members.

The relator was a member of the Musical Mutual Protective Union, and he was summoned to attend a meeting of the board of directors by a notice served upon him on or about the 10th of March, 1886.   This notice or summons was in the following words:

" Mr. Merscheim :                    " New York, March, 10th, 1877.

" Sir.— You are hereby summoned to attend a meeting of the board of directors at 64 East Fourth street, on Friday the twelfth instant, at eleven o'clock, and to show cause why you should not be expelled from membership for violation of article 12, section 1 of the by-laws, to wit, for disobedience of the order of the board of directors, on the 9th day of March, 1886, and also for violation of article 2 of the constitution, in failing to enforce good faith and fair dealing between the members of the union.

" F. ROCHOW,
" Secretary."

And in support of the action, this was objected to as being insufficient to comply with the charter of the society and its by-laws regulating the proceedings for the suspension and expulsion of its

members.  The particular insufficiency presented by the objection is that no charges were made out in writing or served upon the relator, and that without such charges the directors had no authority to carry on the proceeding against him which was taken.  By the order referred to in the summons the relator was ordered by the board of directors " to vacate the place at the Palm Garden and render the same to Mr. Bruno Theile and his orchestra."  And by a postscript his attention was directed to section 1, article 12 of the by-laws, which has been already mentioned.  Neither this order nor the description or reference to it, was the specification which the by-laws enacted under the authority of the statute required to be served upon the relator before the directors could proceed to remove him from his membership.  What the by-laws have enjoined is that charges should be preferred, a copy of which should be served upon the member so charged.  By that it was intended that the misconduct of the member should be alleged against him in writing, and that a copy of the allegation should be delivered to him to enable him intelligently to prepare for the presentation of any defense he might be able to make to it.  This was wholly omitted in the proceeding which was taken.  It is true that the summons stated that he was to show cause why he should not be expelled for the disobedience of the order of the board of directors, but this was not the specification of the offense intended to be required and included in this part of the by-laws.  What was necessary was that he should be apprised by formal charges made of the facts of misconduct intended to be relied upon in the proceeding against him.  By the evidence which was taken upon the hearing the facts were disclosed that he had improperly intervened to secure the exclusion of Theile from the position in which he had been employed, and that the board of directors intended to require the removal of the relator from the place he had secured for himself in this manner and the restoration of the displaced member of the society.  As much as that certainly should have been stated in the papers served upon the relator as the foundation of the proceedings.  That, by the evidence, was regarded as his offense.  And it was for that offense that it was intended to subject him to the authority of the society in the way of suspension or removal.  And it was certainly no difficult thing to have a statement of that made in writing and to serve

it upon the relator, as it has been required by the by-laws and the statute authorizing them, before any proceeding for his removal could take place. Membership in this organization was attended with valuable rights and privileges, and the relator could not be deprived of them without a reasonably plain case being made against him and specifications stating it previously served upon him allowing evidence to be taken to prove that case. (*Hutchinson* v. *Lawrence*, etc., 67 How., 38; *People* v. *Musical Mut. Protective Union*, 1 N. Y. St. Rep., 770.)

The suggestion that the proceeding was supported by article 2 of the constitution is entitled to no weight whatever. For before any advantage can be derived from that source some information, in the form of a written charge, should have been given to the relator, apprising him in what respect he had failed to observe good faith and fair dealing between himself and any other member of the association.

The relator, by his appearance at the time and place mentioned in the summons, did not deprive himself of his right to the previous service of a copy of the charges intended to be made the subject of proof against him. For on such appearance he denied the right of the directors to proceed against him, and refused to answer the charge inferentially referred to in the summons. If he had answered the summons as a charge or contested the case before the directors, then these would have been the grounds upon which a waiver of this right to a copy of the charges might be placed, but he did nothing of the kind. He said but little and his conduct appeared to be actuated entirely by an indisposition to take any part in the proceedings which were affirmed by him to be without authority. And so they appear to have been by the evidence produced upon the trial of the action.

By section 2 of article 13 of the by-laws, the relator could be reinstated at any regular quarterly meeting of the society by a two-thirds majority of all the members present, after having paid all dues and fines standing against him, and an extra fine of fifty dollars. This proceeding has not been provided by way of a review of those instituted to remove the relator. Neither was any other form of appeal secured by the by-laws of the society. If there had been, he would be obliged, in the first instance, to endeavor to

obtain redress by such an appeal. (*Loubat* v. *Leroy*, 40 Hun, 546.)

But no case has gone so far as to hold that a member removed under these circumstances should apply for restoration in this manner, and submit to the payment of the extra fine of fifty dollars, before he will be at liberty to apply by action to the courts for redress.

The proceeding resulted in the expulsion of the relator from the society. It was final as to him, depriving him of all his rights and privileges as a member of the defendant. It was instituted and carried on without complying with the fundamental requirement of the by-laws for this purpose, and on account of that omission the directors had no jurisdiction to try or expel the relator as they did. Being without jurisdiction over the relator, for the want of specific charges served upon him, the directors are still at liberty to proceed against him by another proceeding, if they shall consider that to be requisite for the good order and management of the affairs of the society. But as the facts of the case are now made to appear, the relator cannot be excluded from membership by the action which has been taken against him to attain that result. And the proceeding having been illegal and without authority, he is entitled to the remedy by *mandamus* to secure his restoration. (*People ex rel. Schmitt* v. *St. Franciscus, etc., Society*, 24 How. Pr., 216 )

The judgment recovered appears to be right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.